· [No. 3106. Feb. 17, 1926.]

ARGYLE STATE BANK v. SNIPES.

[244 Pac. 889.]

### SYLLABUS BY THE COURT

A bond not conditioned for payment of costs on appeal insufficient as cost bond under section 15, c. 43, Laws of 1917.

Appeal from District Court, Chavez County; Brice, Judge.

Action by the Argyle State Bank against Frank Snipes. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

H. C. Maynard and L. O. Fullen, both of Roswell, for appellant.

---

[1] 3CJ p. 1166 n. 78 New; 1180 n. 80. [2] 3CJ p. 1178 n. 59

Gibbany & Reese, of Roswell, for appellee.

OPINION OF THE COURT.

WATSON, J.   This motion to dismiss the appeal involves the question whether the bond, evidently drafted and filed as a supersedeas bond, but too late, (section 17, c. 43, Laws of 1917) can be sustained as a cost bond.

The judgment appealed from was in favor of the defendant, and for the costs of suit only. The bond is in the penal sum of $200, and conditioned—

"That whereas the above-named Argyle State Bank has taken an appeal to the Supreme Court of New Mexico from a judgment rendered against it for costs in a certain suit * * * pending in the district court of Chaves county, state of New Mexico, now therefore, if the above-bounden Argyle State Bank shall pay the said judgment for costs in case such appeal be dismissed or the judgment or decision of the district court affirmed, then this obligation shall be null and void and of no effect. * * * *"

The appellant contends that this is a sufficient cost bond. It is apparent, however, that it entirely fails in its condition to meet the requirement of section 15, c. 43, Laws of 1917, and does not contemplate payment of "all costs that may be adjudged against him on said appeal."

Appellee relies upon decisions of this court in which, in view of the serious consequences of the failure to file a cost bond, and of the relative unimportance of such bonds, this court has construed the statute and the bonds themselves with liberality. In the present situation, however, as the bond filed utterly fails to perform the function of the statutory cost bond, to sustain it as such, or to grant appellant's request that it be allowed to file a new bond, would be to nullify the statute.

No other course seems open to us but to sustain the motion, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.